# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2020

Lyle W. Cayce
Clerk

No. 20-50196
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANUEL ANTONIO GUAMAN,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 20-50202

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANUEL ANTONIO GUAMAN-LEMA, *also known as* EFRAIN J. OLIVERAS-BURGOS, *also known as* EFRAIN OLIVERAS-BURGOS, *also known as* EFRAIN OLIVERAS, *also known as* MANUEL GUAMAN, *also known as* MANUEL ANTONIO GUAMAN, *also known as* EFRAIN OLIVERA-BURGOS, *also known as* MANUEL ANTONIO LEMA-GUAMAN,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-60-1
USDC No. 4:19-CR-517-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Manuel Antonio Guaman appeals his guilty plea conviction for illegal reentry into the United States after a previous deportation, a violation of 8 U.S.C. § 1326(a) and (b)(1). He also appeals a separate revocation judgment but raises no challenge to the revocation of his supervised release. Guaman contends, citing *Pereira v. Sessions*, 138 S. Ct. 2105, 2114 (2018), that his prior removal does not satisfy the removal element of § 1326 because the notice to appear did not provide the date or time of the removal hearing.

In *United States v. Pedroza-Rocha*, 933 F.3d 490, 497–98 (5th Cir. 2019), *cert. denied*, 2020 WL 2515686 (U.S. May 18, 2020) (No. 19-6588), we relied on *Pierre-Paul v. Barr*, 930 F.3d 684, 688–89 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779), to conclude that (1) a notice to appear that lacked the date and time of the removal hearing was not defective, (2) any defect was cured by the subsequent service of a notice of hearing, and (3) the purported defect was not jurisdictional. Additionally, we held that the defendant could not collaterally attack the notice to appear without first exhausting administrative remedies. *Pedroza-Rocha*, 933 F.3d at 498. Conceding that *Pedroza-Rocha* and *Pierre-Paul* foreclose his claim, Guaman raises it to preserve it for further review.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50196
c/w No. 20-50202

The Government has filed an unopposed motion for summary affirmance, which is proper if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case[.]" *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Because Guaman correctly concedes that his claim is foreclosed by *Pierre-Paul* and *Pedroza-Rocha*, the motion for summary affirmance is GRANTED and the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT. The judgments of the district court are AFFIRMED.